UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Everette Weaver,

                                    Plaintiff,

                - against -

Indymac Federal Bank, FSB, et al.,

                                    Defendants.

09 Civ. 5091 (SCR)(LMS)

**REPORT &
RECOMMENDATION**

**TO:  THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.**

        Plaintiff Everette Weaver, proceeding *pro se*, brings this action against Indymac Federal

Bank, FSB ("Indymac"), Joan Davies, John Oliveira, Houlihan Lawrence Real Estate, Inc., Clove

Branch Road, LLC, and Kevin P. Barry, Attorney at Law, asserting claims for violations of

federal and state statutes, as well as claims under New York common law.  See Docket # 4

(Amended Complaint).  Now before the Court are motions to dismiss the Amended Complaint

pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c)[1] filed by Defendants Joan Davies, John Oliveira,

Houlihan Lawrence Real Estate, Inc., Clove Branch Road, LLC, and Kevin P. Barry, Attorney at

Law (the "Moving Defendants"), see Docket #'s 23 (which is the same as Docket # 67), 46

(which is the same as Docket # 65), 43, and 53 (which is the same as Docket # 59), as well as

motions to dismiss the various cross-claims asserted by those Defendants.  See Docket #'s 27, 42,

44, and 55 (which is the same as Docket # 61).  For the reasons that follow, I conclude, and

respectfully recommend that Your Honor should conclude, that the Moving Defendants' motions

---

[1]Because Defendants Joan Davies, Clove Branch Road, LLC, and Kevin P. Barry have all
filed Answers, their motions are more properly considered motions for judgment on the
pleadings under Rule 12(c).

to dismiss the Amended Complaint should be granted, and the cross-claims should be dismissed as moot.

## **BACKGROUND**

The following facts are taken from Plaintiff's Amended Complaint, which the Court accepts as true for purposes of this motion.

On June 18, 2007, Plaintiff contracted with seller, Clove Branch Road, LLC ("Clove Branch Road"), for the purchase of a lot in the Eagle Ridge subdivision in East Fishkill, New York.  Plaintiff applied for a residential mortgage from Indymac in connection with the transaction.  Plaintiff purchased the lot for $250,000, but it is only worth $100,000.  Indymac colluded with appraiser, Joan Davies, and its closing agent, Kevin P. Barry, Esq., who was also the seller's attorney in the transaction.  Barry also colluded with Clove Branch Road, since one of the principals of Clove Branch Road, Robert Novak, had a spouse, Barbara Novak, who worked for the selling realtor, Houlihan Lawrence Real Estate ("Houlihan Lawrence"), as an associate realtor in its Brewster, New York office, and this was not disclosed.

Indymac improperly obtained and approved inflated appraisals.  The inflated appraisal obtained in Plaintiff's case caused him to pay more for the property that he purchased than it was worth, as well as to pay higher closing and financing costs than he should have paid.  The August 1, 2007, appraisal issued by Davies provided three comparables, but none of them was located in either the same subdivision or the same town as Plaintiff's property.  Davies' appraisal violated professional standards and deliberately omitted key information.

John Oliveira is a real estate broker with Houlihan Lawrence in its office in LaGrangeville, New York.  Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry all

participated in a scheme, including acts of mail and wire fraud and failure to disclose their conflicts of interest to Plaintiff, resulting in their unjust enrichment.

The Amended Complaint contains lengthy allegations directed solely at Indymac, and Plaintiff asserts several claims solely against Indymac: 1) breach of contract (Count One); 2) violation of the Real Estate Settlement Procedures Act (RESPA) (Count Four); 3) violation of the Truth in Lending Act (TILA) (Count Five); 4) violation of the California Business and Professional Code (Count Six); and 5) a claim for declaratory judgment under the New York Real Property Actions and Proceedings Law (RPAPL) (Count Nine).

The remaining claims, aside from the unjust enrichment and appraisal fraud claims,[2] are based on the following allegations.  Indymac failed to disclose that seller's attorney Barry was also an approved closing agent for Indymac and sent Plaintiff's closing file to Barry, even though it was a conflict of interest for Barry to represent the lender and the seller in the same transaction. At the same time, Barry used his connections as an approved closing agent with Indymac to access Plaintiff's file and report his confidential information to seller Clove Branch Road and selling realtor Houlihan Lawrence, whether directly or indirectly, through Robert Novak's wife, who is a broker with Houlihan Lawrence.  More specifically, an "inside operative" at Indymac gave Barry a list of items that were missing from Plaintiff's loan file, and Barry, in turn, contacted selling realtor Oliveira to give him the list of items that were missing from the file. Oliveira then left a message on Plaintiff's cell phone, telling him the list of items that were missing from his loan application file.  The closing was set up without Plaintiff's knowledge; Oliveira gave Plaintiff the closing date; and the closing package was emailed to Barry, which is a

---

[2]These two claims allege monetary injury based on the inflated appraisal of Plaintiff's lot.

conflict of interest.  When Plaintiff contacted Indymac, the loan officer confirmed the closing

date and told Plaintiff that Barry had the closing package.  Robert Novak called and spoke with

the Indymac loan processor about Plaintiff's file.  Lastly, Oliveira sent Plaintiff a fax on May 16,

2007, which stated that four lots were already sold in the Eagle Ridge subdivision, but only one

lot was actually sold, and that was a sale to a straw buyer, which was intended to create fake

comparables and inflate prices.

The closing on Plaintiff's purchase of the subdivision lot took place on October 1, 2007.

## DISCUSSION

## I.   Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to set forth a "short and

plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 129

S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The complaint must include

something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.

When considering a defendant's Rule 12(b)(6) motion to dismiss, "a judge must accept as

true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94

(2004) (citations omitted), and must draw all inferences from those allegations in the plaintiff's

favor.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  However, a court is

not required to accept as true legal conclusions, and "[t]hreadbare recitals of a cause of action,

supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.

Previously, a Rule 12(b)(6) motion to dismiss  would not be granted unless "it appeared

beyond doubt that the plaintiff [could] prove no set of facts in support of his [or her] claim which

would entitle him [or her] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  However,

4

the Supreme Court has explained that "Conley's 'no set of facts' language has been questioned, criticized, and explained away long enough," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007), since a literal reading of it would enable a conclusory statement of claim to survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561.  Instead, to survive a motion to dismiss, a complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). A claim is facially plausible when the complaint contains enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id.  Put another way, a plaintiff must set forth enough facts to "nudge [his or her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Pro se complaints, however, still must be liberally construed, Erickson, 551 U.S. at 94, and must be held to "less stringent standards than formal pleadings drafted by lawyers." Id. (citation omitted).  Moreover, pro se complaints must be interpreted "to raise the strongest arguments that they suggest." McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quotation omitted).  However, a pro se complaint must still state a facially plausible claim to survive a motion to dismiss.  See, e.g., Boykin v. KeyCorp., 521 F.3d 202, 213-14 (2d Cir. 2008); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

In deciding a motion to dismiss under Rule 12(b)(6), the court may also consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, and documents possessed by, or known to, the plaintiff, and upon which the plaintiff relied in bringing suit.  ATSI

<u>Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007); <u>see also</u> <u>Schnall v. Marine Midland Bank</u>, 225 F.3d 263, 266 (2d Cir. 2000) (court may consider documents which are integral to the complaint and of which plaintiff had notice).  However, "when matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material. . . . Thus, a district court errs when it consider[s] affidavits and exhibits . . . or relies on factual allegations contained in legal briefs or memoranda, in ruling on a 12(b)(6) motion to dismiss."  <u>Friedl v. City of New York</u>, 210 F.3d 79, 83-84 (2d Cir. 2000) (internal quotation marks and citations omitted).

The standard of review for a motion under Rule 12(c) is the same as that for a motion under Rule 12(b)(6).  <u>Cleveland v. Caplaw Enters.</u>, 448 F.3d 518, 521 (2d Cir. 2006).

## II.   <u>Motions to Dismiss of Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry</u>

Because all of the allegations against these Defendants are distinct from the allegations concerning the appraisal of Plaintiff's subdivision lot, the Court addresses their motions to dismiss separately from Davies' motion.

### *Count Two:  Failure to Disclose (asserted against all Defendants)*

In this claim (Am. Compl. ¶¶ 69-71) Plaintiff alleges that Indymac failed to disclose that Barry was an approved closing agent for Indymac and sent Plaintiff's closing file to Barry, who was acting as the seller's attorney, even though this constituted a conflict of interest.[3]

---

[3] Plaintiff appears to allege in the Amended Complaint – and claims in his opposition papers – that Houlihan Lawrence also had a conflict of interest because it sold Plaintiff a lot that

6

Furthermore, he alleges that Barry used his status as an approved closing agent to access

Plaintiff's file from Indymac and that Barry disclosed Plaintiff's confidential information to Clove

Branch Road and Houlihan Lawrence.  Plaintiff also alleges that Oliveira sent him a fax stating

that four lots in the subdivision were already sold when, in fact, only one lot was actually sold,

and it was sold to a straw buyer to create fake comparables.

"[W]ith respect to transactions in real estate, New York adheres to the doctrine of *caveat*

*emptor* and imposes no duty upon the vendor to disclose any information concerning the

premises unless there is a confidential or fiduciary relationship between the parties or some

conduct on the part of the seller which constitutes 'active concealment.' "  Stambovsky v. Ackley,

169 A.D.2d 254, 257 (1ˢᵗ Dep't 1991) (citations omitted).  "To maintain a cause of action to

recover damages for active concealment in the context of a fraudulent nondisclosure, the

plaintiffs must show, in effect, that the seller thwarted the plaintiffs' effort to fulfill their

responsibilities fixed by the doctrine of *caveat emptor*."  Platzman v. Morris, 283 A.D.2d 561,

562 (2d Dep't 2001) (citation omitted).

As an initial matter, it is entirely unclear what information was not disclosed that ought to

_____

was owned by Clove Branch Road, and one of the owners of Clove Branch Road was married to
a real estate broker employed by Houlihan Lawrence.  See Opposition to Motion to Dismiss
(Docket # 39) ¶ 3.  However, a selling agent such as Houlihan Lawrence only has to disclose any
conflict of interest that it might have to its principal – in this case, the seller, Clove Branch Road
– not to Plaintiff, the purchaser.  Dubbs v. Stribling & Assocs., 96 N.Y.2d 337, 340 (2001) ("In
New York, it is well settled that a real estate broker is a fiduciary with a duty of loyalty and an
obligation to act in the best interests of the principal. . . . Where a broker's interests or loyalties
are divided due to a personal stake in the transaction or representation of multiple parties, the
broker *must disclose to the principal* the nature and extent of the broker's interest in the
transaction or the material facts illuminating the broker's divided loyalties.") (emphasis added)
(citations omitted).  Therefore, even assuming a conflict of interest, Houlihan Lawrence did not
breach any duty to disclose to Plaintiff.

have been disclosed to Plaintiff prior to closing on this real estate transaction.  With respect to

Plaintiff's confidential information, Plaintiff alleges that he <u>was</u> aware prior to closing that Barry

had been in contact with Indymac regarding his loan file and that he had received a cell phone

message from Oliveira with a list of items missing from the file.  <u>See</u> Am. Compl. ¶¶ 74-75.

Moreover, Plaintiff concedes in his opposition papers that Barry did not act as the closing agent

at the closing.[4]  Most importantly, however, the disclosure of Plaintiff's confidential information

had no connection to any damage alleged to have been sustained by Plaintiff, <u>i.e.</u>, the loss of

money resulting from paying too much for his subdivision lot.

Furthermore, neither Barry (the seller's attorney), Clove Branch Road (the seller), Oliveira

(the seller's real estate agent), nor Houlihan Lawrence (Oliveira's employer and the seller's

realtor) had a confidential or fiduciary relationship with Plaintiff, the purchaser, that would have

imposed upon them any duty to disclose any information concerning the property.  In addition,

there are no allegations to support a claim of active concealment.  Plaintiff alleges only that

Oliveira sent him a fax which stated that the lot price was $250,000 and that four lots had already

---

[4]Plaintiff attaches as Exhibit Q to his Amended Complaint a letter that he received from Barry in which Barry explains that, as reflected in the HUD Settlement Statement for this transaction, David J. Rosenblum served as Indymac's closing agent, not him.  In his motion papers, Barry provides a copy of the Settlement Statement itself, which was signed by Plaintiff and which indicates that the Settlement Agent on the transaction was David J. Rosenblum.  <u>See</u> Wilner Affidavit (Docket # 65) Ex. C.  In his affidavit in opposition to the motions, Plaintiff claims that he "never stated that Kevin Barry served as the closing agent for Indymac in the subject closing," Affidavit in Opposition to Motions to Dismiss (Docket # 87) ¶ 44, but rather, "attorney Kevin Barry used his connections with Indymac to get the lender to approve him as the closing agent for plaintiff's file . . .," <u>id.</u> ¶ 46, and then "Plaintiff had to contact the loan officers [sic] supervisor to get the closing agent changed . . . ."  <u>Id.</u> ¶ 48.  Thus, Plaintiff appears to allege that Barry was initially able to get Indymac to approve him as the closing agent, thereby allowing him to gain access to Plaintiff's loan file, but then Indymac dropped him as the closing agent by the time of the actual closing.

been sold, while Plaintiff contends that in fact, only one lot had been sold.  There is no claim that

any of the Defendants thwarted Plaintiff's efforts to ascertain the truth as to whether other

subdivision lots had been sold, or for what price, and the fact of their sale was not a matter which

was "peculiarly within the seller's knowledge." Platzman, 283 A.D.2d at 562; see also Culver &

Thiesen, Inc. v. Starr Realty Co., 307 A.D.2d 910, 910 (2d Dep't 2003) ("It is well settled that

with respect to a real property contract, unless the facts represented are matters particularly

within one party's knowledge, the other party must make use of the means available to learn, by

the exercise of ordinary intelligence, the truth of such matters or he [or she] will not be heard to

complain that he [or she] was induced to enter into the transaction by misrepresentation.")

(internal quotation marks and citations omitted); Simms v. Biondo, 816 F. Supp. 814, 819-20

(E.D.N.Y. 1993) ("The long-established rule in New York is that statements concerning the value

of real property are generally not actionable under a theory of fraud or fraudulent inducement. . . .

First, representations as to value alone are generally matters of opinion upon which no

detrimental reliance can occur.  Second, the doctrine of *caveat emptor* applies to real estate

transactions such that a buyer has a duty to satisfy himself or herself of the quality of a bargained

purchase price without trusting a seller.") (citations omitted).

    Therefore, I conclude, and respectfully recommend that Your Honor should conclude,

that Plaintiff's claim for failure to disclose should be dismissed as to Defendants Oliveira,

Houlihan Lawrence, Clove Branch Road, and Barry.

### *Count Three:  Collusion (asserted against all Defendants)*

    "To plead a valid cause of action for conspiracy under New York law, a plaintiff must

allege the primary tort and four elements: (a) a corrupt agreement between two or more persons,

(b) an overt act in furtherance of the agreement, (c) the parties' intentional participation in the furtherance of a plan or purpose, and (d) the resulting damage or injury." Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1267 (S.D.N.Y. 1991) (footnotes and citation omitted).  The allegations in this claim are, once again, that Indymac and Barry, Indymac's approved closing agent, failed to disclose conflicts of interest; that Barry contacted Indymac to access Plaintiff's loan file; that someone at Indymac gave Barry a list of items that were missing from Plaintiff's loan file; that Barry contacted Oliveira and told him the list of items that were missing from Plaintiff's loan file; that Oliveira then contacted Plaintiff and left a message on Plaintiff's cell phone listing the items that were missing from Plaintiff's loan file; that the closing date was set up without Plaintiff's knowledge and that Plaintiff found out the closing date from Oliveira; and that when Plaintiff contacted Indymac, the loan officer told him that (i) the closing date he was given by the selling agent was correct, (ii) the seller's attorney had the closing package, and (iii) a representative of the seller, Robert Novak, called and spoke with the loan processor about Plaintiff's file.  See Am. Compl. ¶¶ 73-76.  Given the fact that, as explained herein, none of these allegations suffice to state a primary tort against any of the Moving Defendants (the allegations against Davies are addressed in Section III., infra), Plaintiff cannot state a claim for civil conspiracy or collusion.

Moreover, Plaintiff likewise fails to state a tort claim against non-moving Defendant Indymac that could form the basis for a conspiracy claim against all Defendants in this action. The only tort claim explicitly asserted against Indymac is the failure to disclose claim in Count Two of the Amended Complaint.  That count fails to state a claim for fraudulent concealment against Indymac, since the only information that Indymac is alleged to have withheld was that

Barry was an approved closing agent for the bank; but Plaintiff concedes that he found out about Barry's closing agent status prior to closing and that Barry did not, in any event, serve as the closing agent at the closing.  Nonetheless, even if the Court were to assume that all of the other allegations against Indymac set forth in the Amended Complaint could be read to state a tort claim, Plaintiff's allegations are otherwise inadequate to establish the four elements required to state a conspiracy claim.  All that he alleges with regard to a conspiracy is, "The lender Indymac colluded with its appraiser Joan Davies . . . and with its approved closing agent Kevin P. Barry, Esq. . . . who was also the seller's attorney in this transaction.  The seller's attorney also colluded with the seller Clove Branch Road, LLC . . ."  Am. Compl. ¶ 4; see also id. ¶ 73 ("Indymac and its approved closing agent in Poughkeepsie, Kevin Barry, their agents and or [sic] employees were malicious, careless, reckless and predatory in that they failed to disclose conflicts of interest as required by state and federal statues [sic] and colluded together in a grand scheme and made lots of money at the expense of Everette Weaver.").  "Claims premised upon 'conclusory, vague, or general allegations of conspiracy' cannot survive a motion to dismiss. *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997); *see also Goldstein v. Siegel,* 19 A.D.2d 489, 244 N.Y.S.2d 378, 382 (1st Dept.1963) (a plaintiff must 'allege at least some of the facts of agreement or separable acts, if any, of the alleged co-conspirators in order to support the responsibility of each for the acts of all the others. Otherwise, the allegation remains the barest of legal conclusions')." Kottler v. Deutsche Bank AG, 607 F. Supp. 2d 447, 469 (S.D.N.Y. 2009).

Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim for collusion should be dismissed as to Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry.

***Count Seven:  Deceptive Acts and Practices under New York General Business Law §
349 (asserted against all Defendants)***

Section 349 of New York's General Business Law makes unlawful "[d]eceptive acts or

practices in the conduct of any business, trade or commerce or in the furnishing of any service,"

and provides for a private right of action to be brought by "any person who has been injured by

reason of any violation of this section."  N.Y. Gen. Bus. Law §§ 349(a),(h).  To state a claim

under Section 349, "a plaintiff must demonstrate that (1) the defendant's deceptive acts were

directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been

injured as a result."  Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000) (citation omitted).

This claim is stated in a single allegation: "As described above, Defendants have engaged in

deceptive acts and practices in their conduct of business and furnishing of services in the state of

New York in violation of New York General Business Law § 349(a)."  Am. Compl. ¶ 96.

Defendants argue that Plaintiff's claim under Section 349 should be dismissed because the

deceptive acts and practices alleged are not "consumer oriented."  Consumer oriented conduct

"need not be repetitive or recurring but defendant's acts or practices must have a broad impact on

consumers at large; private contract disputes unique to the parties . . . would not fall within the

ambit of the statute."  New York Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 320 (1995) (internal

quotation marks and citations omitted).  Here, it is clear from a reading of the Amended

Complaint (the substance of which is summarized in the "Background" section hereof) that the

acts of Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry of which

Plaintiff complains relate solely to Plaintiff's own real estate transaction, not consumers at large,

and thus, his claim does not fall within the ambit of the statute.  Therefore, I conclude, and

respectfully recommend that Your Honor should conclude, that Plaintiff's claim under New York

General Business Law § 349 should be dismissed as to Defendants Oliveira, Houlihan Lawrence,

Clove Branch Road, and Barry.

**Count Eight:  Unjust enrichment (asserted against all Defendants)**

"Under New York law, for a plaintiff to prevail on a claim of unjust enrichment, he [or

she] must establish (1) that the defendant was enriched; (2) that the enrichment was at the

plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the

defendant should return the money or property to the plaintiff." Golden Pacific Bancorp v,

F.D.I.C., 273 F.3d 509, 519 (2d Cir. 2001).  "The essence of such a claim is that one party has

received money or a benefit at the expense of another." Kaye v. Grossman, 202 F.3d 611, 616

(2d Cir. 2000) (internal quotation marks and citation omitted).

Simply put, Plaintiff fails to provide any factual basis for an unjust enrichment claim

against Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry.  The entire

basis for the claim is that Plaintiff overpaid for the property and paid higher closing costs due to

the inflated appraisal.  Plaintiff also adds an allegation of "bait and switch" with respect to the

interest rate on his Indymac loan.  However, there is no allegation from which it can be inferred

that Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry were enriched at

Plaintiff's expense.

As to Oliveira and Houlihan Lawrence, they received their brokerage commission from

the seller, Clove Branch Road, pursuant to a separate agreement between the seller and the

broker.  See Am. Compl. Ex. W (Contract of Sale) ¶ 24.  Thus, it cannot be alleged that they

were enriched at Plaintiff's expense.  As to Barry, there is no allegation that any expense incurred

13

by Plaintiff in the purchase of this property redounded to his benefit.[5]   "[A] nexus is required

between a defendant's 'enrichment' and a plaintiff's 'expense' to plead a plausible claim to relief

on a theory of unjust enrichment."  Deblasio v. Merrill Lynch & Co., 2009 U.S. Dist. LEXIS

64848, at *123 (S.D.N.Y. July 27, 2009)[6] (citing Gurvey v. Cowan, Liebowitz & Latman, P.C.,

No. 06 Civ. 1202 (BSJ), 2009 U.S. Dist. LEXIS 34839, 2009 WL 1117278, at *8 (S.D.N.Y. Apr.

24, 2009) ("Plaintiff has provided only assertion and speculation as to the benefit that was taken

from her by [the] [d]efendants. Even under the low threshold that plaintiffs must meet under Rule

12(b)(6), the unjust enrichment claim must be dismissed . . . .")).  Plaintiff does no more than

speculate that unspecified "defendants" have been unjustly enriched at Plaintiff's expense.  Such

an allegation does not suffice to state a claim against Oliveira, Houlihan Lawrence, and Barry.

With respect to Clove Branch Road, Plaintiff's payment of the $250,000 purchase price

was governed by the parties' Contract of Sale.  "Courts have not allowed claims for unjust

enrichment . . . where there is a valid and enforceable written contract governing the subject

matter of the dispute."  Kottler, 607 F. Supp. 2d at 467 (citations omitted).  Here, the purchase

price of Plaintiff's subdivision lot was set forth in the parties' contract, and Plaintiff does not

challenge the validity or enforceability of that contract.  A party cannot claim unjust enrichment

in an effort to "be relieved of the consequences of his own failure to proceed with diligence or to

exercise caution with respect to a business transaction."  Charles Hyman, Inc. v. Olsen Indus.,

---

[5]Plaintiff does not allege that Barry was enriched at Plaintiff's expense based on his status as an approved closing agent (although it should again be noted that Plaintiff admits that Barry was not the closing agent at the closing).

[6]Copies of unpublished opinions cited herein are attached to the copy of this Report and Recommendation which is sent to Plaintiff.

Inc., 227 A.D.2d 270, 277 (1ˢᵗ Dep't 1996) (citations omitted).  To the extent that Plaintiff claims

that the amount of money that he agreed to pay for his subdivision lot was inflated based on a

faulty appraisal, there are no allegations in the Amended Complaint that Clove Branch Road

played any role whatsoever in the faulty appraisal process.  Whatever the connection is between

the inflated appraisal and the purchase price, assuming there is one, Plaintiff cannot claim that

Clove Branch Road is liable for his failure to exercise due diligence before signing the Contract

of Sale and closing on the transaction.  Therefore, he cannot state a claim for unjust enrichment

against Clove Branch Road.

Based on the foregoing, I conclude, and respectfully recommend that Your Honor should

conclude, that Plaintiff's claim for unjust enrichment should be dismissed as to Defendants

Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry.

### Count Eleven:  Theft by Deception (asserted against Clove Branch Road)

There is no case law that recognizes a New York common law claim of theft by

deception.  However, to the extent that Plaintiff is attempting to assert a claim of fraud or deceit,

his allegations against Clove Branch Road fail to state a claim.  All that Plaintiff alleges is that

"Clove Branch Road, LLC engaged in the sale of building lots to straw buyers to create fake

comparables and manipulate prices, thereby selling lots for a value which did not exist . . ."  Am.

Compl. ¶ 113.  "Under New York law, to state a claim for fraud a plaintiff must demonstrate: (1)

a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3)

which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff

reasonably relied; and (5) which caused injury to the plaintiff."  Wynn v. AC Rochester, 273 F.3d

153, 156 (2d Cir. 2001) (citation omitted).  There is no allegation in the Amended Complaint that

any specific misrepresentation was ever made by Clove Branch Road to Plaintiff regarding comparables, nor is there any allegation that Plaintiff relied on any such misrepresentation by Clove Branch Road.  Furthermore, as explained above with respect to Plaintiff's claim for failure to disclose, Plaintiff has failed to allege a claim of fraudulent concealment on the part of Clove Branch Road.  In sum, Plaintiff's conclusory allegation fails to state a claim.  Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim for theft by deception should be dismissed.

### Count Twelve:  Violation of Privacy (asserted against Kevin P. Barry)

Plaintiff alleges that Barry violated his privacy by contacting Indymac, accessing his file, and giving his confidential information to Oliveira at Houlihan Lawrence.  "New York does not recognize a common-law right of privacy."  Messenger ex rel. Messenger v. Gruner + Jahr Printing and Publishing, 94 N.Y.2d 436, 441 (2000) (citations omitted).  Rather, New York only recognizes the limited statutory right of privacy found in New York Civil Rights Law §§ 50-51.  Id.  Those statutes are "strictly limited to nonconsensual commercial appropriations of the name, portrait or picture of a living person."  Id. (internal quotation marks and citations omitted).  Plaintiff's claim does not fall within the ambit of the statute.  Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim for violation of privacy should be dismissed.

### Count Thirteen:  Fraud (asserted against Kevin P. Barry)

This claim reiterates the same allegations set forth in Plaintiff's other claims.  Essentially, Plaintiff realleges that Barry was working under a conflict of interest, since he "used his connections with Indymac to get the lender to approve him as the closing agent," while at the

same time, he represented the seller in the transaction, Clove Branch Road.  Am. Compl. ¶ 117.

Plaintiff also repeats his allegation that Barry used his connections at Indymac to gain access to

Plaintiff's file and give confidential information to Oliveira and to get Robert Novak of Clove

Branch Road to call an Indymac loan processor to discuss Plaintiff's loan.  Id. ¶¶ 116-17.  He also

alleges yet again, although it is unclear the import of this allegation, that Barry "knew that his

client Clove Branch Road, LLC member Robert Novak's spouse Barbara Novak worked for the

selling realtor Houlihan Lawrence Real Estate as an associate broker."  Id. ¶ 116.

     As alleged in the Amended Complaint, Plaintiff's fraud claim is not based on any

misrepresentations made by Barry[7] but rather, on Barry's failures to disclose information.  "Under

New York law, fraudulent concealment requires proof of: (1) failure to discharge a duty to

disclose; (2) an intention to defraud, or scienter; (3) reliance; and (4) damages.  In the context of

a business transaction, the duty to disclose arises where a party, with a duty to be complete, has

made only a partial or ambiguous statement, or where one party possesses superior knowledge,

not readily available to the other, and knows that the other is acting on the basis of mistaken

knowledge."  TVT Records v. Island Def Jam Music Group, 412 F.3d 82, 90-91 (2d Cir. 2005)

(internal quotation marks and citations omitted); see also Watts v. Jackson Hewitt Tax Serv., 579

F. Supp. 2d 334, 352 (E.D.N.Y. 2008) ("The duty to disclose arises in three situations: (1) where

a party has made a partial or ambiguous statement, as a party cannot give only half of the truth;

(2) where a party has a fiduciary duty to another; or (3) where a party has superior knowledge

that is not available to the other party and the party with superior knowledge knows that the other

---

     [7]In his Memorandum of Law filed in opposition to the motions, Plaintiff states, "The seller's attorney did not supply the false information . . ."  Docket # 90 at 15.

party is acting on the basis of mistaken knowledge.") (internal quotation marks and citations omitted).

In this case, there is no basis for finding that Barry owed a duty to disclose to Plaintiff. First, there is no allegation that Barry ever made a partial or ambiguous statement to Plaintiff regarding the real estate transaction.  Second, Barry, who was the seller's attorney in the transaction, did not have a fiduciary relationship with Plaintiff, the purchaser.  Third, Barry did not possess any superior knowledge not available to Plaintiff or know that Plaintiff was acting on the basis of mistaken knowledge.  While Barry is alleged to have obtained information from Plaintiff's loan file, Plaintiff alleges that Barry "gave this confidential information to the selling agent John Oliveira who then contacted plaintiff and left the list of documents that were needed for plaintiff's file to complete the loan processing . . ."  Am. Compl. ¶ 116.  Thus, Plaintiff was well aware of the information possessed (and not possessed) by Barry.

Because Barry did not have a duty to disclose any information to Plaintiff, Plaintiff cannot state a claim for fraud against Barry.  Moreover, there is no basis for finding that these alleged omissions – Barry's failure to disclose that he was approved as the closing agent on the transaction by Indymac, assuming *arguendo* that this is true (although Plaintiff concedes both that he became aware of this before the closing and that Barry did not act as the closing agent at the closing), and Barry's failure to disclose that a member of the seller, Clove Branch Road, had a wife who worked for the selling realtor, Houlihan Lawrence – had any bearing whatsoever on Plaintiff's decision to close on this real estate deal.  Nor do these alleged omissions have any relation to Plaintiff's alleged damages, which all stem from the allegedly inflated appraisal and inflated price he paid for his lot.

Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim for fraud against Barry should be dismissed.

### Count Fourteen:  RICO Claims under 18 U.S.C. §§ 1962(a) and 1962(c) (asserted against Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry)

Plaintiff denominates his fourteenth cause of action as a claim for violation of RICO section 1962(a).  However, it appears that Plaintiff intended to state a claim for violation of RICO section 1962(c) instead.[8]  Under either of these subsections, he fails to state a claim, as explained below.

### 1.     18 U.S.C. § 1962(a)

Section 1962(a) states that "[i]t shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."  The Second Circuit has held that "to state a civil claim under § 1964(c) for a violation of § 1962(a), a plaintiff must allege injury 'by reason of' defendants' investment of racketeering income in an enterprise."  Ouaknine v. MacFarlane, 897 F.2d 75, 82-83 (2d Cir. 1990) (citations omitted).  "[T]he essence of a violation of § 1962(a) is not commission of predicate acts but investment of racketeering income."  Id. at 83.  Plaintiff fails to plead any facts indicating an injury caused by these Defendants' use or investment of the alleged proceeds of racketeering activity.  Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim for a violation of

---

[8]In Plaintiff's fifteenth cause of action for RICO conspiracy under 18 U.S.C. § 1962(d), Plaintiff alleges that Defendants conspired to violate 18 U.S.C. § 1962(c).

18 U.S.C. § 1962(a) should be dismissed.  See Kaczmarek v. Int'l Bus. Mach. Corp., 30 F. Supp.

2d 626, 628-29 (S.D.N.Y. 1998) (dismissing claim under § 1962(a) for failure to plead a use or

investment injury).

### 2.      18 U.S.C. § 1962(c)

 Section 1962(c) of the RICO statute states that "[i]t shall be unlawful for any person

employed by or associated with any enterprise engaged in, or the activities of which affect,

interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of

such enterprise's affairs through a pattern of racketeering activity."  "To establish a claim for a

civil violation of section 1962(c), a plaintiff must show that he was injured by defendants' (1)

conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Cofacredit, S.A. v.

Windsor Plumbing Supply Co., Inc., 187 F.3d 229, 242 (2d Cir. 1999) (internal quotation marks

and citation omitted).

In his Amended Complaint, Plaintiff alleges in conclusory fashion that Oliveira, Houlihan

Lawrence, Clove Branch Road, and Barry sold him a piece of property through a pattern of

racketeering activity, including acts of mail and wire fraud under 18 U.S.C. §§ 1341 and 1343,

and that Plaintiff was injured in his business or property by the predicate acts which make up the

pattern of racketeering activity.  See Am. Compl. ¶¶ 119-20.  Such conclusory allegations are

utterly deficient under the pleading standard articulated by the Supreme Court in Ashcroft v.

Iqbal, supra ("[t]hreadbare recitals of a cause of action, supported by mere conclusory statements,

do not suffice").  Nor do they meet the heightened pleading standard applicable to this claim:

> RICO predicate acts of fraud must be pled with particularity under Federal
> Rule of Civil Procedure 9(b).  See Moore v. PaineWebber, Inc., 189 F.3d
> 165, 172-173 (2d Cir.1999) . . . .  As the Second Circuit has explained,

> "[a]llegations of predicate mail and wire fraud acts should state the
> contents of the communications, who was involved, where and when they
> took place, and explain why they were fraudulent."  <u>Mills v. Polar</u>
> <u>Molecular Corp.</u>, 12 F.3d 1170, 1176 (2d Cir.1993).

<u>Frangipani v. HBO</u>, No. 08 Civ. 5675, 2010 WL 1253609, at *7 (S.D.N.Y. Mar. 16, 2010)

(footnote omitted).  As previously explained, Plaintiff has failed to state a claim for even one act

of fraud on the part of any of these Defendants, let alone mail or wire fraud, as is required, <u>see</u>

<u>Cofacredit</u>, 187 F.3d at 242 ("Mere common-law fraud does not constitute racketeering activity

for RICO purposes.  *See* 18 U.S.C. § 1961(1)."); thus, he cannot state a RICO claim under §

1962(c), since "RICO defines 'pattern of racketeering activity' as requiring '*at least two acts of*

*racketeering activity*' committed in a 10 year period.  18 U.S.C. § 1961(5)."  <u>Id.</u> (emphasis

added).

Therefore, I conclude, and respectfully recommend that Your Honor should conclude,

that Plaintiff's claim for a violation of 18 U.S.C. § 1962(c) should be dismissed.

### Count Fifteen:  RICO Claim under 18 U.S.C. § 1962(d) (asserted against Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry)

RICO section 1962(d) states that, "[i]t shall be unlawful for any person to conspire to

violate any of the provisions of subsection (a), (b), or (c) of this section."  Therefore, because

Plaintiff fails to state a claim for a substantive RICO violation under either subsection (a) or (c)

of § 1962, he fails to state a RICO conspiracy claim under § 1962(d) as well.  <u>See</u> <u>Discon, Inc. v.</u>

<u>Nynex Corp.</u>, 93 F.3d 1055, 1062-63 (2d Cir. 1996) ("Since we have held that the prior claims do

not state a cause of action for substantive violations of RICO, the present claim does not set forth

a conspiracy to commit such violations.") (citations omitted), <u>vacated on other grounds</u>, 525 U.S.

128 (1998).  Therefore, I conclude, and respectfully recommend that Your Honor should

conclude, that Plaintiff's claim for a violation of 18 U.S.C. § 1962(d) should be dismissed.

## III.   **Motions of Defendant Davies**

The only allegation concerning Davies is that she provided a faulty and inflated appraisal of Plaintiff's property, causing Plaintiff to pay more for the property than he should have, and as a result to incur higher closing costs and higher financing costs.

### Counts Two and Three:  Failure to Disclose and Collusion (asserted against all Defendants)

With respect to both of these claims, there are no allegations at all concerning Davies and thus, no basis to assert these claims against her.  Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claims for failure to disclose and collusion should be dismissed as to Defendant Davies.[9]

### Count Seven:  Deceptive Acts and Practices under New York General Business Law § 349 (asserted against all Defendants)

To the extent that Plaintiff asserts this claim against Davies, it similarly suffers from the fact that her alleged misconduct – performing a faulty appraisal of Plaintiff's property – is not "consumer oriented," but rather, relates only to Plaintiff's own real estate transaction and therefore, is not within the scope of New York General Business Law § 349.  New York Univ. v. Cont'l Ins. Co., supra.  Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim under New York General Business Law § 349 should be dismissed as to Defendant Davies.

---

[9]Plaintiff's conclusory allegations, asserted in his opposition papers, that Davies breached her duty to disclose and colluded with Indymac based on the mere fact that she performed the appraisal on Indymac's behalf and therefore must have participated in its unlawful appraisal practices, see, e.g., Memorandum of Law (Docket # 90) at 2; Affidavit in Opposition (Docket # 87) ¶ 1, do not suffice to state a claim against her.

### Count Eight:  Unjust enrichment (asserted against all Defendants)

While not alleged in the Amended Complaint, in his opposition papers, Plaintiff alleges that Davies was unjustly enriched by her receipt of $425.00 in fees for her appraisal of Plaintiff's property.  However, the Amended Complaint alleges that Plaintiff paid Indymac for her services pursuant to his contract with Indymac.  See Am. Compl. ¶ 43; see also Am. Compl. Ex. D (the invoice for Davies' appraisal was addressed to Indymac, not Plaintiff).  Thus, Davies did not receive a financial benefit at Plaintiff's expense, as Plaintiff did not himself pay Davies' fees.  See Kaye v. Grossman, supra ("The essence of [an unjust enrichment] claim is that one party has received money or a benefit at the expense of another.").

Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim for unjust enrichment should be dismissed as to Defendant Davies.

### Count Ten:  Appraisal Fraud (asserted against Joan Davies)

As noted above, the elements of a fraud claim under New York law are "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff."  Wynn, 273 F.3d at 156 (citation omitted).  This claim is set forth in a single paragraph:  "Defendant Joan Davies intentionally submitted a faulty inaccurate and inflated appraisal knowing that it would cause plaintiff considerable damages.  These acts amount to appraisal fraud which caused plaintiff to pay $250,000.00 for a lot which was really only worth $100,000.00 because of the fraudulent appraisal."  Am. Compl. ¶ 112.  Plaintiff elsewhere alleges that "Defendant Joan Davies submitted a faulty, inaccurate, and inflated appraisal which violated the rules of the uniform

standards of professional appraisal practice by refusing to use any comparables from the same development, refusing to use any comparables from the same town, deliberately omitting vital information, and submitting a faulty, inflated and inaccurate appraisal for twice the real market value of the property."  Id. ¶ 44.  "The inflated appraisal injured plaintiff and resulted in plaintiff paying higher closing costs and higher financing costs than he would have paid otherwise.  This inflated appraisal also caused plaintiff to pay more for the actual amount of his property. . . .  None of the comparables [used in the appraisal] are located in the same subdivision as the subject or even the same town as the subject property."  Id. ¶ 8.

Under the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  "[W]hen a complaint charges fraud, it must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent."  Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996) (citations omitted).  While scienter need not be alleged with "great specificity," "[t]his does not mean . . .that plaintiffs are relieved of their burden of pleading circumstances that provide at least a minimal factual basis for their conclusory allegations of scienter."  Conn. Nat'l Bank v. Fluor Corp., 808 F.2d 957, 962 (2d Cir. 1987).  Rather, plaintiffs must "specifically plead those events which give rise to a strong inference that the defendant[] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth."  Id. (internal quotation marks and citation omitted).

In this case, all that Plaintiff alleges is that Davies submitted an appraisal[10] which valued his property at $250,000, due to her failure to follow appraisal industry standards, while he contends, without any factual basis, that it is only worth $100,000.  Such a conclusory allegation does not give rise to an inference that Davies knew that her appraisal was grossly inflated or that she submitted a highly inflated appraisal with an intent to defraud Plaintiff, and Plaintiff nowhere alleges that he relied on Davies' appraisal in agreeing to the purchase price of $250,000.  Despite Plaintiff's lengthy allegations that Indymac engaged generally in a pattern of unlawful appraisal practices, see Am. Compl. ¶¶ 5-7, 9-15, 42-43, 45, 47-61, there are no factual allegations to support a claim that Davies knowingly participated in those practices.  Plaintiff's conclusory allegation that "[t]he lender Indymac colluded with its appraiser Joan Davies in Newburgh NY . . .," id. ¶ 4, does not suffice to state a claim for fraud against Davies.

Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claim for appraisal fraud should be dismissed.[11]

## IV.   Motions to Dismiss Cross-Claims for Contribution and Indemnification

Because I recommend that Plaintiff's claims should be dismissed as against the Moving Defendants, I conclude, and respectfully recommend that Your Honor should conclude, that the Moving Defendants' cross-claims for contribution and indemnification against each other should

---

[10]There is no allegation that Davies' appraisal was even submitted to Plaintiff or, if it was, when.

[11]To the extent that Plaintiff argues in his opposition papers that Davies is liable on a theory of negligence, he cannot maintain such a claim.  See Chambers v. Executive Mortgage Corp., 229 A.D.2d 416, 417 (2d Dep't 1996) (where defendant appraisers were hired by mortgage broker, court dismissed claim for negligence and/or negligent misrepresentation brought by plaintiff sellers based on alleged inaccurate appraisals "due to the lack of any duty owed by the defendants to the plaintiffs").

be dismissed as moot.  See generally Delaney v. Town of Carmel, 55 F. Supp. 2d 237 (S.D.N.Y. 1999) (where court dismissed plaintiffs' claims, it dismissed defendants' cross-claims as moot).

## V.    **Motion to Consolidate**

Also outstanding is a motion filed by Plaintiff to consolidate this federal action with the foreclosure action that Indymac filed against him in state court.  See Docket # 40.  Federal Rule of Civil Procedure 42(a) allows for consolidation "[i]f actions *before the court* involve a common question of law or fact. . . . " Fed. R. Civ. P. 42(a) (emphasis added).  Because the foreclosure action is not before this court, it cannot be consolidated with Plaintiff's pending federal action. Therefore, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion to consolidate should be denied.

## **CONCLUSION**

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that the Moving Defendants' motions to dismiss (Docket #'s 23, 43, 46, 53, 65, and 67) should be granted, and the Amended Complaint should be dismissed as against Defendants Davies, Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry.[12] Accordingly, the Moving Defendants' motions to dismiss the cross-claims (Docket #'s 27, 42, 44, 55, and 61) should be denied as moot.  Lastly, Plaintiff's motion to consolidate (Docket # 40) should be denied.

---

[12]Barry also seeks the imposition of Rule 11 sanctions against Plaintiff.  See Memorandum of Law in Support (Docket # 66) at 23-24.  Because Barry has failed to follow the proper procedures for filing such a motion, see Fed. R. Civ. P. 11(c)(2), and because Plaintiff is proceeding *pro se*, the Court declines to consider Barry's request for sanctions at this time.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.

Dated: June 8, 2010
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Everette Weaver
827 Route 82
Hopewell Junction, NY 12533

Carmine Carolei, Esq.
Ahmuty, Demers & McManus
200 I.U. Willets Road
Albertson, NY 11507

Scott Kossove, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Avenue
Garden City, NY 11530

Kevin Slakas, Esq.
12 East 33rd Street, Fl-11
New York, NY 10016

Marc Wilner, Esq.
Callan, Koster, Brady & Brennan LLP
One Whitehall Street
New York, NY 10004

28