UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Everette Weaver, | |
| Plaintiff, | 09 Civ. 5091 (RO)(LMS) |
| - *against* - | |
| Indymac Federal Bank, FSB, et al., | REPORT & RECOMMENDATION |
| Defendants. | |

TO:  THE HONORABLE RICHARD OWEN, U.S.D.J.

Plaintiff Everette Weaver, proceeding *pro se*, brings this action against Indymac Federal Bank, FSB; Joan Davies; John Oliveira; Houlihan Lawrence Real Estate, Inc.; Clove Branch Road, LLC; and Kevin P. Barry, Attorney at Law, asserting claims for violations of federal and state statutes, as well as claims under New York common law.  See Docket # 4 (Amended Complaint).  On June 8, 2010, the undersigned issued a Report and Recommendation on motions to dismiss the Amended Complaint filed by Defendants Joan Davies; John Oliveira; Houlihan Lawrence Real Estate, Inc.; Clove Branch Road, LLC; and Kevin P. Barry, Attorney at Law. Docket # 92.  Objections to the Report and Recommendation were filed by Plaintiff.  Docket # 94.  No decision has been rendered on the motions to dismiss.

Defendant Indymac Federal Bank, FSB did not file a motion to dismiss and has not appeared in the case.  Currently before the Court is an "informal motion" submitted by the Federal Deposit Insurance Corporation ("FDIC"), as Receiver for IndyMac Federal Bank, FSB, and IndyMac Bank, FSB, seeking dismissal of this action as against IndyMac Federal Bank and IndyMac Bank (assuming that Plaintiff intended to sue both entities) for lack of subject matter

jurisdiction.[1] The FDIC has not appeared in the action since it has not been made a party to the case, and it claims that the Court lacks personal jurisdiction over IndyMac Federal Bank, FSB, IndyMac Bank, FSB, and the FDIC as Receiver for those two entities, since Plaintiff did not effect service of process upon any of them. Regardless of whether this Court has personal jurisdiction over IndyMac Federal Bank, FSB, IndyMac Bank, FSB and/or the FDIC, or whether Plaintiff effected proper service upon any of them, issues which need not be decided, I conclude, and respectfully recommend that Your Honor should conclude, that the action should be dismissed as against IndyMac Federal Bank, FSB (and IndyMac Bank, FSB and/or the FDIC, to the extent that Plaintiff intended to make them parties) for lack of subject matter jurisdiction.

## DISCUSSION

As noted by the FDIC, and conceded by Plaintiff, the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") limits the jurisdiction of courts over claims

---

[1]This "informal motion" consists of a letter from the FDIC dated March 9, 2010, a letter from Plaintiff dated March 15, 2010, another letter from Plaintiff dated July 14, 2010, and a final letter from the FDIC dated August 6, 2010.

As explained in the FDIC's March 9, 2010, letter, on July 11, 2008, the Office of Thrift Supervision ("OTS") issued an order which determined that IndyMac Bank, FSB was a failed financial institution, closed IndyMac Bank, FSB, and appointed the FDIC as Receiver. In that same order, OTS authorized the creation of IndyMac Federal Bank, FSB, to which IndyMac Bank's assets and liabilities were to be transferred, and appointed the FDIC as Conservator of IndyMac Federal Bank, FSB. On March 19, 2009, OTS found that IndyMac Federal Bank, FSB was also a failed financial institution and replaced the FDIC as Conservator with the FDIC as Receiver. The appointments of the FDIC as Receiver for IndyMac Bank, FSB and IndyMac Federal Bank, FSB both pre-dated the commencement of this action on June 1, 2009.

The caption to the Amended Complaint identifies the Defendant as "Indymac Federal Bank, FSB, FKA [formerly known as] Indymac Bank, FSB, NKA [now known as] OneWest Bank, FSB." However, the FDIC's March 9, 2010, letter notes that IndyMac Federal Bank, which was placed in FDIC receivership, is not now known as OneWest Bank, FSB; rather, OneWest Bank, FSB is a separate entity. Nonetheless, Plaintiff effected service only upon OneWest Bank, not on IndyMac Federal Bank or on IndyMac Bank. See Docket # 52. Thus, as noted by the FDIC, it is unclear which entity, or entities, Plaintiff intended to sue.

against failed banks, as follows:

> (D) Limitation on judicial review
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over--
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D). "The only jurisdiction 'otherwise provided' in 12 U.S.C. § 1821(d) is contained in section 1821(d)(6)(A), which provides for federal court adjudication of claims after exhaustion of the claims procedures." Augienello v. Fed. Deposit Ins. Corp., 310 F. Supp. 2d 582, 588 (S.D.N.Y. 2004) (citations omitted), reconsideration denied by, 2004 WL 965918 (S.D.N.Y. May 5, 2004).

Section 1821(d)(6)(A) states that after disallowance of a claim by the receiver,

> the claimant may . . . file suit on such claim . . . in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

12 U.S.C. § 1821(d)(6)(A).[2] "Section 1821(d)(6)(B) then confirms that the federal courts granted jurisdiction by § 1821(d)(6)(A) are the only avenues to seek the prescribed *de novo* judicial adjudication because section 1821(d)(6)(B) eliminates all further remedies if litigation is

---

[2]While Section 1821(d)(6)(A) allows a claimant to "continue an action commenced before the appointment of the receiver," that provision is inapplicable in this case since, as stated in footnote 1, supra, Plaintiff commenced this action after the appointment of the FDIC as Receiver for both IndyMac Bank and IndyMac Federal Bank.

not continued in the federal forum under section 1821(d)(6)(A)." Augienello, 310 F. Supp. 2d at 589 (citation omitted).  "The cases indicate that jurisdiction over these actions is limited to the precise parameters of the statute."  Id. (citation omitted).   Therefore, any claims that Plaintiff may have against IndyMac Federal Bank, FSB, IndyMac Bank,FSB and/or the FDIC as Receiver for those two entities must first be adjudicated in accordance with the receivership claims process set forth in FIRREA and, thereafter, a judicial determination of such claims may only be obtained in the United States District Court for the District of Columbia or the United States District Court for the Central District of California (the district within which IndyMac Federal Bank, FSB and IndyMac Bank, FSB had their principal places of business).[3]

Acknowledging the dictates of the statute, Plaintiff requests both that the Court grant him permission to file an action against the FDIC in the District of Columbia within 30 days of its ruling and that the Court grant him an extension of time to commence such action "pas[t] the prior deadline set by the [FDIC] to commence legal action for this plaintiff."  However, this Court does not have the power to set or extend deadlines for the commencement of an action in another jurisdiction, and it would be for the District Court in the District of Columbia to decide the timeliness of any action that Plaintiff might bring.

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's claims against IndyMac Federal Bank, FSB (and/or IndyMac

---

[3]As set forth in Plaintiff's March 15, 2010, letter, he did file a Proof of Claim with the FDIC in August, 2009, which claim was denied in a letter from the FDIC dated December 2, 2009, based on the determination of the FDIC Board of Directors "that the assets of both IndyMac Bank and IndyMac Federal, Pasadena, California are insufficient to pay claims below the depositor class and that all non-depositor creditor claims have no value."

Bank, FSB and/or the FDIC as Receiver) should be dismissed for lack of subject matter jurisdiction, without prejudice to refiling in a forum permitted under 12 U.S.C. § 1821(d)(6)(A).[4]

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Richard Owen at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Owen and should not be made to the undersigned.

Dated: February 16, 2011
       White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

---

[4]Having recommended dismissal based on the fact that this is not the appropriate forum for Plaintiff's claims, I decline to address the FDIC's arguments concerning prudential mootness.

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Richard Owen, U.S.D.J.

Everette Weaver
827 Route 82
Hopewell Junction, NY 12533

Thomas M. Clark, Esq.
Federal Deposit Insurance Corporation
New York Legal Services Office
350 Fifth Avenue – Suite 1200
New York, NY 10118

Carmine Carolei, Esq.
Ahmuty, Demers & McManus
200 I.U. Willets Road
Albertson, NY 11507

Scott Kossove, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Avenue
Garden City, NY 11530

Kevin Slakas, Esq.
12 East 33rd Street, Fl-11
New York, NY 10016

Marc Wilner, Esq.
Callan, Koster, Brady & Brennan LLP
One Whitehall Street
New York, NY 10004