UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/29/11
```

EVERETTE WEAVER,

                              Plaintiff,

        v.

INDYMAC FEDERAL BANK, FSB, et al.,

                              Defendants.

09 Civ. 5091 (RO)

**ORDER**

OWEN, District Judge:

*Pro se* Plaintiff Everette Weaver brings this action against Indymac Federal Bank, FSB ("IndyMac"), Joan Davies, John Oliveira, Houlihan Lawrence Real Estate, Inc., Clove Branch Road, LLC ("Clove Branch Road"), and Kevin P. Barry, Attorney at Law.  Plaintiff asserts claims for violations of federal and state statutes, and claims under New York common law. Before the Court are the following motions:  motions to dismiss the Amended Complaint, filed by Defendants John Davies, John Oliveira, Houlihan Lawrence Real Estate, Inc., Clove Branch Road, LLC, and Kevin P. Barry, Attorney at Law (the "moving Defendants."); motions to dismiss cross-claims brought by those Defendants; and an "informal motion" submitted by the Federal Deposit Insurance Corporation ("FDIC") as Receiver for IndyMac Federal Bank, FSB and IndyMac Bank, FSB, seeking dismissal of this action as against IndyMac Bank for lack of subject matter jurisdiction.

1

**BACKGROUND**

The facts supporting this action, which for the purposes of this Order the Court accepts as true, are taken from Plaintiff's Amended Complaint and summarized in the June 8, 2010 Report and Recommendation of Magistrate Judge Lisa Margaret Smith. The facts will not be repeated in full in this Order. This action arises out of Plaintiff's contract for the purchase, and subsequent purchase, of a lot in East Fishkill, New York for $250,000 in 2007.

Plaintiff Amended Complaint contains lengthy factual allegations directed at IndyMac and the moving Defendants involving, among other things, conflicts of interests, collusion and conspiracy, unjust enrichment, and fraud. As a consequence of Defendants' actions, Plaintiff claims to have paid $250,000 for a lot which was worth far less.

On June 8, 2010, Magistrate Judge Lisa Margaret Smith issued a Report and Recommendation (the "Report"), in which she recommended granting the moving Defendants' motions to dismiss the Amended Complaint, and dismissing the various cross-claims as moot. Plaintiff filed objections to the Report on July 14, 2010. On October 22, 2010, this case was transferred to this Court. On February 16, 2011, Judge Smith issued another Report and Recommendation in which she recommended the dismissal of Plaintiff's claims against IndyMac Federal Bank, FSB for lack of subject matter jurisdiction, without prejudice to refiling in a forum permitted under 12 U.S.C. § 1821(d)(6)(A). Plaintiff filed an objection to this Report and Recommendation on April 18, 2011. Defendant Clove Branch Road opposed Plaintiff's objection on May 5, 2011 and Defendant Kevin Barry opposed the objection on May 10, 2011.

**STANDARD OF REVIEW**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1); *First Union Mortgage Corp., v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). A district court judge, in making a *de novo* determination, is afforded discretion in the weight placed on proposed findings and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980). Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

## DISCUSSION

### June 8, 2010 Report and Recommendation

This Court has reviewed Magistrate Judge Smith's Report and Recommendation, as well as Plaintiff's objections in light of the full record. The Report is well-reasoned and adequately supported by law. Plaintiff's objections are vague and conclusory, and fail to address the Report and Recommendation with specificity. As explained more fully below, the Court concurs with the Report and finds that Plaintiff has no provided no reason to upset its recommendations.

### Motions to Dismiss claims against Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry

#### Count two:  Failure to Disclose

It is well-established that real property value statements are not actionable under fraud claims. Moving Defendants had no duty to disclose information about the property because they did not have a fiduciary or confidential relationship with Plaintiff and Plaintiff has not claimed that the moving Defendants actively concealed or otherwise thwarted Plaintiff's attempts to acquire information about other lots. Accordingly, Plaintiff's claim for Failure to Disclose is dismissed as to Defendants Oliveria, Houlihan Lawrence, Clove Branch, and Barry.

4

<u>Count Three:  Collusion</u>

Plaintiff's allegations that moving Defendants conspired against Plaintiff are general and conclusory and fail to plead the elements of a conspiracy cause of action, and as such cannot support Plaintiff's claim for civil conspiracy or collusion against any of the moving Defendants. Plaintiff similarly fails to state a tort claim against non-moving Defendant IndyMac that could support a conspiracy claim against other Defendants.  Accordingly, Plaintiff's claim for collusion is dismissed as to Defendants Oliveria, Houlihan Lawrence, Clove Branch Road, and Barry.

<u>Count Seven:  Deceptive Acts and Practices under New York General Business Law § 349</u>

This Court agrees that Plaintiff's allegations do not suffice to support a claim within the purview of the statute, because the acts of Defendants relate solely to Plaintiff's own real estate transaction, rather than to consumers at large.  Accordingly, this claim is dismissed as to Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry.

<u>Count Eight:  Unjust enrichment</u>

Plaintiff does not set forth any factual basis upon which this Court could find base a finding that Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry were unjustly enriched at the expense of Plaintiff.  Additionally, Plaintiff has failed to claim that Clove Branch Road was responsible for the faulty appraisal process, and that defendant can be held responsible for Plaintiff's failure to exercise due diligence relating to the Contract of Sale and closing.  Plaintiff's claim for unjust enrichment, therefore, is dismissed as to Defendants Oliveira, Houlihan Lawrence, Clove Branch Road, and Barry.

## Count Eleven:  Theft by Deception

Plaintiff fails to state a claim of fraud or deceit against Clove Branch Road because Plaintiff does not allege that Clove Branch Road made any specific misrepresentation regarding comparable property values, nor that Plaintiff relied on any such misrepresentations. Accordingly, the claim against Clove Branch for "theft by deception" is dismissed.

## Count Twelve:  Violation of Privacy

Plaintiff's claim against Kevin P. Barry for violation of privacy fails because New York law only recognizes a limited statutory right of privacy regarding the nonconsensual commercial appropriate of name, portrait, or picture of a living person and does not recognize a common-law right of privacy.  According, Plaintiff's claim against Defendant Barry for violation of privacy is dismissed.

## Count Thirteen:  Fraud

Plaintiff's fraud claim against Kevin P. Barry is without merit because Barry did not owe a duty to Barry, because Plaintiff did not allege that Barry made an actionable statement about the real estate transaction to Plaintiff, because Barry did have superior knowledge over that available to Plaintiff, because Plaintiff did not allege that any alleged omissions by Barry affected Plaintiff's actions in the real estate deal, and because any alleged omissions have no bearing on Plaintiff's alleged damages.  Accordingly, Plaintiff's fraud claim against Barry is dismissed.

<u>Count Fourteen:  RICO Claims under 18 U.S.C. §§ 1962(a) and (c),</u>

<u>and Count Fifteen:  RICO Claim under 18 U.S.C. § 1962(d)</u>

Plaintiff conclusory statements fail to state any facts supporting an injury caused by any

alleged racketeering activity.  Plaintiff's RICO claims against Defendants Oliveira, Houlihan

Lawrence, Clove Branch Road, and Barry are dismissed.


**Motions of Defendant Joan Davies**

<u>Counts Two and Three:  Failure to Disclose and Collusion</u>

Because Plaintiff provides no factual allegations concerning Defendant Davies

concerning Plaintiff's failure to disclose and collusion claims, these claims are dismissed as to

Defendant Davies.


<u>Count Seven:  Deceptive Acts and Practices under New York General Business Law § 349</u>

For the reasons stated above discussing this claim as to the other Defendants, Plaintiffs

claim is dismissed as to Defendant Davies.


<u>Count Eight:  Unjust enrichment</u>

Because Plaintiff states that Plaintiff paid IndyMac for Davies' services, rather than

having paid Davies personally, Plaintiff's claim for unjust enrichment is dismissed.


<u>Count Ten:  Appraisal Fraud</u>

Plaintiff's conclusory allegations regarding Defendant Davies are insufficient to support

an appraisal fraud claim.  Plaintiff fails to sufficiently state that Defendant knew the appraisal

was inflated, that she intended to defraud Plaintiff, and that Plaintiff relied on Defendant's

appraisal in agreeing to the allegedly inflated purchase price.  Plaintiff's appraisal fraud claim

against Davies is therefore dismissed.

**Cross-Claims for Contribution and Indemnification**

Because, as explained above, Plaintiff's claims against the moving Defendants are

dismissed, the moving Defendants' cross-claims are denied as moot.

**February 16, 2011 Report and Recommendation**

The Federal Deposit Insurance Corporation ("FDIC") submitted an "informal motion," as

receiver for IndyMac Federal Bank, FSB, and IndyMac Bank, FSB, in which it seeks dismissal

of this action against IndyMac Federal Bank and IndyMac Bank for lack of subject matter

jurisdiction.  This motion consists of letters from the FDIC dated March 9, 2010 and August 6,

2010, and letters from Plaintiff dated March 15, 2010 and July 14, 2010.  The FDIC, who is not a

party to this action, claims that the Court lacks personal jurisdiction over IndyMac Federal Bank,

FSB, IndyMac Bank, FSB, and the FDIC as receiver for these entities on the basis of Plaintiff's

alleged failure to affect service on them.[1]  Magistrate Judge Lisa Margaret Smith issued a second

Report and Recommendation on February 16, 2011, in response to this "informal motion," in

which she found that this action should be dismissed as against IndyMac Federal Bank, FSB (and

---

[1]  As more thoroughly explained in the February 16, 2011 Report and Recommendation, the Office of
ThriftSupervision ("OTS") issued an order on July 11, 2008 (which pre-dates this action's commencement on June
1, 2009) and again on March 19, 2009, in which it determined that IndyMac Bank FSB, and later IndyMac Federal
Bank, FSB.  In those orders, the OTS determined that those banks were failed financial institutions, transferred the
banks' assets and liabilities, and appointed the FDIC as Conservator and Receiver.
While the caption to the Amended Complaint identified Defendant as "Indymac Federal Bank, FSB, FKA Indymac
Bank, FSB, NKA OneWest Bank, FSB," the FDIC's March 9, 2010 letter states that OneWest Bank, FSB is a
separate entity and that Plaintiff improperly served only on OneWest Bank and not on IndyMac Federal Bank or
IndyMac Bank.  The FDIC further notes that is unclear which entity or entities Plaintiff intended to sue.

IndyMac Bank, FSB and/or the FDIC, to the extent that Plaintiff intended to make them parties) for lack of subject matter jurisdiction.

This Court concurs with the Report and Recommendation. As explained fully in the Report, The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") limits the jurisdiction of courts over claims against failed banks. Any claims Plaintiff may have against the FDIC as Receiver for IndyMac Federal Bank, FSB and IndyMac Bank, FSB, or against those two entities themselves, must be adjudicated in accordance with the process provided for in the Act. Only after that process has been followed may a judicial determination of such claims be made.

In recognition of that process, Plaintiff requests this Court grant permission to file an action against the FDIC and an extension of time to do so. The FIRREA, however, provides that these claims may be adjudicated only in the United States District Court for the District of Columbia or the United States District Court for the Central District of California, as the district in which IndyMac Federal Bank, FSB and IndyMac Bank, FSB, principally conducted business. This Court is unable to set or extend deadlines for the filing of an action in another jurisdiction. Accordingly, Plaintiff's claims are dismissed for lack of subject matter jurisdiction, without prejudice to filing in a forum permitted under 12 U.S.C. § 1821(d)(6)(A).

**CONCLUSION**

For the reasons stated above, this Court concurs with the June 8, 2010 Report and Recommendation and February 16, 2011 Report and Recommendation of Magistrate Judge Lisa Smith. The Court hereby adopts both Reports, in their entirety, as Orders of this Court.

As such, the motions to dismiss of the moving Defendants (Docket Nos. 23, 43, 46, 53, 65, 67) are granted and the Amended Complaint is therefore dismissed as to Defendants Davies, Oliveria, Houlihan Lawrence, Clove Branch Road, and Barry.  The moving Defendants' motions to dismiss the cross-claims (Docket Nos. 27, 42, 44, 55, 61) are hereby dismissed as moot. Plaintiff's motion to consolidate (Docket No. 40) is denied.

SO ORDERED.

September 2_4_, 2011

_____

RICHARD OWEN
UNITED STATES DISTRICT JUDGE