USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 11-20-19

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EVERETTE WEAVER,                    :
                                    :
                  Plaintiff,        :     09 Civ. 5091 (LAP)
                                    :
       - v. -                       :     MEMORANDUM & ORDER
                                    :
INDYMAC FEDERAL BANK, FSB, et al.,  :
                                    :
                  Defendants.       :
                                    :
------------------------------------X
```

LORETTA A. PRESKA, Senior United States District Judge:

Plaintiff Everette Weaver ("Weaver") moves for my recusal and for an order vacating all orders and judgments entered in this case since it was remanded from the Second Circuit Court of Appeals on August 27, 2013. (See Notice of Motion ("Motion"), dated Nov. 8, 2019 [dkt. no. 162].) For the reasons stated below, Weaver's motion is DENIED.

I.  Motion for Recusal

Weaver's recusal motion is governed by 28 U.S.C. § 455, which provides that that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." See 28 U.S.C. §§ 455(a), (b)(1). These provisions serve "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." Liljeberg v. Health Servs. Acquisition Corp., 486

1

U.S. 847, 865 (1988). When applying § 455(a), courts examine whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992). The Second Circuit Court of Appeals has cautioned that when answering this question, "the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." In re Aguinda, 241 F.3d 194, 201 (2d Cir.2001); see also Canino v. Barclays Bank, PLC, No. 94 Civ. 6314 (SAS), 1998 WL 7219, at *3 (S.D.N.Y. Jan. 7, 1998) ("The statute does not compel disqualification simply on unfounded innuendo concerning the possible partiality of the presiding judge." (quotation marks and citation omitted)).

Weaver's motion is full of "unfounded innuendo" and devoid of any valid basis for recusal under §§ 455(a) or (b)(1). Although Weaver raises an assortment of conclusory reasons as to why I should recuse myself, at its core, his motion reflects disagreement with the Court's September 9, 2019 Order [dkt. no. 158] (the "September 2019 Order") dismissing his Third Amended Complaint on collateral estoppel grounds. (See, e.g., Motion at 28-34.) But it is axiomatic that "[a] district judge's prior decisions averse to a [party] do not merit recusal," Petrucelli

2

v. United States, No. 14 Civ. 9310, 2015 WL 5439356, at *5 (S.D.N.Y. Sept. 15, 2015) (citing Smith v. United States, 554 Fed. App'x 30, 32 (2d Cir. 2013)), and Weaver's unsupported assertions of bias and impropriety would not lead any objective, informed observer to doubt that justice can be delivered in this case without recusal. Weaver's motion to recuse is denied.

II. Motion to Vacate Prior Orders

Weaver also asks the Court to vacate all orders and judgments entered in this case pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6). His request is denied.

Under Rule 60(b)(1), the court may grant relief from an order on grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Although "Rule 60(b)(1) may provide relief from judicial mistake, it should not provide a movant an additional opportunity to make arguments or attempt to win a point already carefully analyzed and justifiably disposed." Serrano v. Smith, No. 05 Civ. 1849 (KTD), 2009 WL 1390868, at *2 (S.D.N.Y. May 13, 2009) (internal quotation marks and citations omitted). Weaver's arguments about "material errors" in the September 2019 Order (see Motion at 34-35; see also id. at 28-34) are nothing more than thinly veiled attempts to relitigate issues already resolved in a thorough, carefully reasoned, 36-page opinion. That is not a valid basis for Rule 60(b)(1) relief.

3

Weaver's Rule 60(b)(6) argument is similarly unavailing. Rule 60(b)(6) is a catchall provision that permits the court to grant relief for any justifiable reason other than those expressly enumerated in Rule 60(b). See Fed. R. Civ. P. 60(b)(6). The Second Circuit Court of Appeals has commented "that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (citation and internal quotation marks omitted). This is not one of those cases. Like his recusal motion, Weaver predicates his Rule 60(b)(6) argument primarily on unsubstantiated claims of bias, conflicts of interest, and obstruction of justice. (See Motion at 34-37.) Beyond these conclusory claims, Weaver offers no facts whatsoever showing the extraordinary circumstances or extreme hardship needed to support relief under Rule 60(b)(6).

III. Conclusion

For the foregoing reasons, Weaver's motion [dkt. no. 162] is denied. The Clerk of the Court shall close the open motion.

SO ORDERED.

Dated: New York, New York
November 20, 2019

*Loretta A. Preska* (signature)
LORETTA A. PRESKA
SENIOR U.S. DISTRICT JUDGE

4